NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1620

AUTOMED TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

MICROFIL, LLC
and WILLIAM GEROLD,

Defendants-Appellees.

Sharon R. Barner, Foley & Lardner LLP, of Chicago, Illinois, argued for plaintiff-appellant. With her on the brief were Marianne C. Holzhall and Michael R. La Porte.

Eugene J. Rath III, Price, Heneveld, Cooper, DeWitt & Litton, LLP, of Grand Rapids, Michigan, argued for defendants-appellees. With him on the brief was Steven L. Underwood.

Appealed from: United States District Court for the Northern District of Illinois

Judge Samuel Der-Yeghiayan

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1620

AUTOMED TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

MICROFIL, LLC

and WILLIAM GEROLD,

Defendants-Appellees.

_____

DECIDED: July 16, 2007

_____

Before MAYER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and LINN, Circuit Judge.

Opinion for the court filed by Circuit Judge LINN. Opinion dissenting in part filed by Circuit Judge MAYER.

LINN, Circuit Judge.

AutoMed Technologies, Inc. ("AutoMed") appeals from the grant by the United States District Court for the Northern District of Illinois ("district court") of summary judgment of non-infringement by William Gerold ("Gerold") and Microfil, LLC (collectively, "Microfil") of AutoMed's U.S. Patents No. 6,449,927 ("'927 patent") and No. 6,742,671 ("'671 patent"), AutoMed Techs., Inc. v. Microfil, LLC, No. 04-CV-5596 (N.D. Ill. Jan. 18, 2006) ("Infringement Opinion"), and of the award of nominal damages against Microfil for a previously adjudicated breach of contract claim, AutoMed Techs.,

Inc. v. Microfil, LLC, No. 04-CV-5596 (N.D. Ill. June 7, 2006) ("Contract Damages Opinion").  Because one of the accused products lacks a "vibratory dispenser," and because AutoMed failed to provide a proper basis for calculating damages beyond the nominal award, we affirm-in-part; because we have clarified the proper construction of the claim term "controller," we vacate-in-part and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

It is undisputed that Gerold, along with his consulting company, worked for AutoMed and its predecessor to design a commercial embodiment of AutoMed's '927 and '671 patents, now known as the AutoMed QuickScript® system.  After Gerold completed his work with AutoMed, he designed what would become the first generation of Microfil systems, the Microfil 219 and 107 systems (collectively the "219/107 Systems").  In response, AutoMed sued.  Gerold and Microfil then developed a second generation system, referred to as the auger-based system ("Auger System").  AutoMed accused both systems of infringing various claims of both the '927 and '671 patents and accused Gerold of breaching his non-employee security agreement.  The district court entered summary judgment of non-infringement for Microfil on both systems for all of the asserted claims and against Microfil on AutoMed's breach of contract claim.  The district court awarded nominal damages of one dollar on the contract claim.  AutoMed appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Claim Construction

AutoMed appeals the district court's constructions of the terms "controller" and "vibratory dispenser," over which we exercise plenary review. Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996); Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). Additionally, Microfil disputes the district court's construction of the terms "container" and "canister."

### 1. "Controller"

The district court construed the term "controller" to mean "a single control system [that] regulates the entire process." In so doing, the district court rejected AutoMed's preferred construction of "a device or system that regulates a process or another device" as inconsistent with the specification. AutoMed Techs., Inc. v. Microfil, LLC, No. 04-CV-5596, slip op. at 17-18 (N.D. Ill. Oct. 26, 2005) ("Claim Construction Opinion"). In applying this construction, the district court then held that "multiple controllers . . . coordinated by a master computer" could not constitute a single control system. Infringement Opinion, slip op. at 8. In effect, the district court's application treated the "single control system" as referring to a single control device. Id. (emphasis added). AutoMed argues that the district court erred by limiting "controller" to a single control device, while Microfil urges us to adopt a definition from a technical dictionary, which defines "controller" as "[a] module or specific device which operates automatically to regulate a controlled variable or system." Charles J. Sippl, Microcomputer Dictionary 85 (2d ed. 1981). Microfil misrepresents this definition in its brief, however, by introducing

the modifier "single" before "module or specific device," and by ignoring the first definition listed, which recites "[a]n element or group of elements . . . ." See id. (emphasis added). The cited dictionary definition does not limit the term "controller" to a device as distinguished from a group, collection, or system of devices.

We agree with the district court's initial construction, with the clarification that the "controller" need not be limited to a single device, as applied by the district court and asserted by Microfil. We see no basis in the intrinsic record to warrant reading the term "controller" to be limited to a single device or to any particular hardware or software. The specifications of the '671 and '927 patents support a broad interpretation of "controller." While the specifications differ in some respects, these differences are not material to our analysis here; we rely on text common to both specifications. Moreover, "the same term or phrase should be interpreted consistently where it appears in claims of common ancestry." Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1030 (Fed. Cir. 2002). The specifications disclose at least two structures that perform control functions: a "controller 180," which apparently controls only the rate of vibration; and a "control system 80," which seems to control many aspects of the entire process. Compare, e.g., '927 patent col.8 ll.51-59, with id. col.11 ll.43-46.

Unfortunately, the specifications fall short of clarity in outlining the exact functions and details of the control system software and hardware. Even though the relationship between these structures is not entirely clear from the written description, what is unmistakable is that no single device is disclosed which performs or is capable of performing all of the functions recited in claim 1 of the '927 patent, namely, to receive a patient's prescription information and to control the entire apparatus, including the

vibratory dispenser, the container transport assembly, and the vial transport assembly. See '927 patent claim 1. To the contrary, the patents describe only in general terms the control of several distinct systems and processes. E.g., '927 patent col.8 ll.1-2 (drive unit vibration); id. col.10, ll.58-62 (vial transport); id. col.11, ll.47-63 (patient entry process). With all due respect to the view expressed in the dissent, a construction of the term "controller" to be "a single module or specific device which operates automatically to regulate a controlled variable or system," as argued by Microfil, would fly in the face of the specification and would engraft onto the claims an unwarranted limitation. See Phillips v. AWH Corp., 415 F.3d 1303, 1322-23 (Fed. Cir. 2005) (en banc) (cautioning that dictionary definitions cannot be used to "contradict any definition found in or ascertained by a reading of the patent documents" (quoting Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1584 n.6 (Fed. Cir. 1996))). Without a clear indication from the patentee that a single device must control these varied functions, it is improper to limit the term "controller" to a single device rather than a single system. Accordingly, while we affirm the district court's initial construction of "controller" to mean a "single control system that regulates the entire process," we clarify that the controller need not be limited to a single device, nor to any particular hardware or software.

2. "Vibratory Dispenser"

The district court construed "vibratory dispenser" as "a device that uses vibration in order to dispense medication, and not a device that merely assists in the dispensing," thereby rejecting AutoMed's proposed construction, "a dispenser that uses vibration to aid in the dispensing function." Claim Construction Opinion, slip op. at 18-19. Microfil argues that under the district court's construction, vibration must be the exclusive force

causing the dispensing of medication. Microfil thus attempts to exclude devices requiring the assistance of gravity from the scope of the claims. AutoMed challenges Microfil's interpretation of the district court's construction and maintains that vibration need not be the sole force used to dispense medication.

We agree with the district court's construction, but clarify that to the extent Microfil reads it to require the use of vibration alone to dispense pills, it is incorrect. Nothing in the language of the claims or the specifications indicates that the term "vibratory" should be interpreted to mean "vibratory only." Even Microfil has previously admitted that the claimed dispenser requires gravity—in addition to vibration—to effectively dispense pills. See Br. Supp. Defs.' First Mot. for Partial Summ. J. for Non-Infringement (Dckt. No. 47) at 10. The preferred embodiments corroborate this admission; both specifications indicate that internal ramps position pills to be dispensed through a gate on the bottom of the container or canister, which opens to allow pills to drop out during the vibratory dispenser's operation. This precludes any claim construction wholly excluding the role of gravity. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996). Thus, we affirm the district court's construction with the clarification that natural forces—including gravity—are not excluded from the dispensing process.

### 3. "Container" and "Canister"

As an alternative basis for affirmance, Microfil challenges the district court's construction of "container" and "canister," as "any suitable design that allows dispensing of countable oral solid drugs." Claim Construction Opinion, slip op. at 17. Microfil contends that these terms, which the parties agree are synonymous, should be limited

to a unitary structure. AutoMed counters that nothing in the intrinsic record compels this narrow construction. Having considered the claims, the written description, and the figures of the '927 and '671 patents, we agree with the district court's refusal to read in this additional limitation. See '927 patent, col.6 ll.15-17 ("The canister may be of any suitable design that allows dispensing of countable oral solid drugs within an automated drug dispensing system."); '671 patent, col.6 ll.17-19 (same). We accordingly affirm the district court's construction of these terms.

## B. Infringement

"We review a district court's grant of summary judgment of non-infringement without deference." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1369 (Fed. Cir. 2006). The district court based its non-infringement determination on the absence from the accused systems of structure corresponding to the "controller" limitation. The district court so ruled by incorrectly applying its "single control system" construction of the term "controller" to a specific device and by failing to recognize that several of the asserted claims lack the "controller" limitation completely. However, we affirm the summary judgment of non-infringement with respect to Microfil's Auger System on the alternate ground that AutoMed has failed to raise a genuine issue of material fact that the Auger System includes a "vibratory dispenser." Accordingly, we vacate the summary judgment of non-infringement on the "controller" limitation, and provide guidance to the district court in revisiting this issue on remand. See Ecolab, Inc. v. Envirochem, Inc., 264 F.3d 1358, 1370 (Fed. Cir. 2001).

Under the clarified interpretation of "controller," discussed supra, the district court must consider on remand AutoMed's contentions that Microfil's separate controller

modules and master control program comprise a "single control system." Microfil admitted at oral argument that its various controllers comprise a single system, see Oral Arg. at 25:42-25:55, 27:00-27:30, available at http://www.cafc.uscourts.gov/ oralarguments/mp3/06-1620.mp3, and argued for non-infringement based on its multi-component design. As discussed previously, however, nothing in the '927 or '671 patents indicates that the inventor intended to exclude modular or multi-component systems, and we do not limit "controller" to a single device. Although Microfil contends, for example, that its systems comprise multiple autonomous controllers and not "a single control system that regulates the entire process," such arguments implicate factual questions. For these reasons, the summary judgment of non-infringement based on the "controller" limitation cannot stand.

Moreover, the district court did not address the complete absence of the "controller" limitation from asserted claims 12-17, 19-20, 22, and 24-26 of the '671 patent. This variation in claim language gives rise to a presumption of differing claim scope, one which was not disputed by Microfil prior to oral argument, and one which is further bolstered by the addition of the "controller" limitation in dependent claim 21. See Phillips, 415 F.3d at 1314-15 (discussing claim differentiation doctrine). We also note that claim 27 of the '671 patent, which recites "the controller," appears to be mistakenly dependent on claim 20, in which this term finds no antecedent basis. See NTP, Inc. v. Research In Motion, Ltd., 418 F.3d 1282, 1306 (Fed. Cir. 2005) (construing claim term employing definite article "the" as requiring an antecedent basis). Because claim 21—and not claim 20—recites a "controller" limitation, perhaps claim 27 was intended to depend from claim 21. However, we leave to AutoMed any corrective action it deems

necessary. The district court erred as to these asserted claims by entering summary judgment of non-infringement based solely on a claim limitation not recited therein.

Microfil presents an alternative ground for affirmance—the lack of a "vibratory dispenser" in the accused systems. We disagree as to the 219/107 Systems. The 219/107 Systems indisputably use vibration to dispense pills. Microfil itself refers to the "original [Microfil] systems [as] using vibration," Appellee Br. at 27, and has admitted that "Microfil's [219/107 Systems] use gravity, in addition to vibration, to cause the dispensing of pills," id. at 15 (emphasis added); see also id. at 3. Not only do we disagree with Microfil's alternative ground for affirmance, it would appear that, in the absence of other facts not apparent from the record as presently developed, Microfil's admission with respect to the "vibratory dispenser" limitation, and the absence of any "controller" limitation in claims 12-17, 19-20, 22, and 24-26 of the '671 patent would support a conclusion of infringement of those claims by the 219/107 Systems. Nonetheless, we leave it to the district court to address this issue in the first instance on remand. We also leave it to the district court to assess infringement of the remaining claims by the 219/107 Systems in light of our clarifications to the claim constructions.

As to the Auger System, Microfil makes no concessions regarding vibration, and AutoMed fails to provide evidence to support its claim that the Auger System uses vibration to dispense pills. The 2005 Microfil patent application cited by AutoMed as descriptive of the Auger System makes no reference to vibration, and AutoMed's expert offered little more than speculation regarding the capability of the system to be configured to vibrate pill containers. Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1330 (Fed. Cir. 2001) ("[T]hat a device is capable of being modified to

operate in an infringing manner is not sufficient, by itself, to support a finding of infringement."); see also Invitrogen Corp. v. Clontech Labs., Inc., 429 F.3d 1052, 1080 (Fed. Cir. 2005) (holding expert speculation insufficient to defeat summary judgment). AutoMed's assertion that Microfil's own expert characterized the motion of the Auger System as vibration is unsupported by the record. At best, Microfil's expert testified only that the Auger System could be configured to cause vibration. Because AutoMed failed to make a showing sufficient to establish a genuine issue of material fact as to the existence of vibration in the Auger System, and because every claim asserted by AutoMed from both the '927 and '671 patents includes a limitation requiring a "vibratory dispenser," we affirm the district court's summary judgment of non-infringement of both the '927 and '671 patents with respect to Microfil's Auger System. See E-Pass Techs., Inc. v. 3Com Corp., 473 F.3d 1213, 1222 (Fed. Cir. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

## C. Contract Damages

Following a grant of summary judgment of breach of contract against Gerold, the district court granted AutoMed a permanent injunction barring Gerold from disclosing AutoMed's confidential information, but awarded only nominal damages in the amount of one dollar. Contract Damages Opinion, slip op. at 8-10. The district court was not persuaded that AutoMed had demonstrated any monetary harm resulting from Gerold's breach, particularly in light of its findings that Gerold contributed to the QuickScript® project in exchange for compensation paid by AutoMed and its predecessor; that AutoMed alleged no lost sales as a result of Gerold's breach; and that Gerold's contract lacked a non-compete clause. Id., slip op. at 9-10. AutoMed appeals the nominal

damages award and relies on <u>Olympia Hotels Corp. v. Johnson Wax Development Corp.</u>, 908 F.2d 1363 (7th Cir. 1990), for the proposition that reimbursement of consideration paid for a broken promise is an acceptable measure of damages where the plaintiff cannot establish lost profits. AutoMed thus seeks reimbursement for the entire amount of compensation paid to Gerold and his company under the contract. Microfil argues in response that AutoMed failed to establish any correlation between the amount paid to Gerold for his services and any subsequent harm suffered as a result of Gerold's breach.

We review the nominal damages award for breach of contract for clear error. <u>Okaw Drainage Dist. v. Nat'l Distillers & Chem. Corp.</u>, 96 F.3d 1049, 1051 (7th Cir. 1996) (applying Illinois law and recognizing the "broad discretion" of the district court). Because AutoMed provided no basis for quantifying any damages suffered as a result of the breach of contract, we find no clear error on the part of the district court in entering an award of only nominal damages. <u>See</u> <u>Midwest Software, Ltd. v. Willie Washer Mfg. Co.</u>, 630 N.E.2d 1088, 1105 (Ill. App. Ct. 1994) ("If a party proves that it has the right to damages but fails to provide a proper basis for computing those damages, only nominal damages may be awarded.").

AutoMed failed to establish the monetary extent, if any, of its injury, much less to justify reimbursement of the full contract price AutoMed or its predecessor paid to Gerold for his work in developing AutoMed's QuickScript® system. <u>See</u> <u>Ustrak v. Fairman</u>, 781 F.2d 573, 578 (7th Cir. 1986) (stating that nominal damages alone suffice "if only the fact and not the extent of injury is proved."). AutoMed provides only the fact that it had previously compensated Gerold (or perhaps his company) to justify a larger

award.  Unlike <u>Olympia Hotels</u>, however, where the breach went to the heart of the contracted services, and a partial refund of the contract price could make the plaintiff whole, <u>see</u> 908 F.2d at 1366, 1372 (holding that breach of contract by hotel management firm based on its failure to "use its best efforts to make the hotel a success" could justify a "refund [of] a portion of the management fees that [the plaintiff] had paid under the contract"), the breach here was ancillary to the primary purpose of the contract.  AutoMed provides no basis to quantify any harm suffered as a result of the breach, much less correlate this harm to the compensation paid under the contract.  Because we find no clear error in the district court's award of nominal damages, we affirm.

## III. CONCLUSION

For the foregoing reasons, we affirm-in-part as to the district court's nominal damages award for breach of contract and as to summary judgment of non-infringement by Microfil's Auger System.  We vacate-in-part the district court's summary judgment of non-infringement of Microfil's 219/107 Systems, and remand for further proceedings consistent with this opinion.

## COSTS

No costs.

NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2006-1620

AUTOMED TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

MICROFIL, LLC and WILLIAM GEROLD,

Defendants-Appellees.

MAYER, <u>Circuit Judge</u>, dissenting-in-part.

I would affirm the trial court's grant of summary judgment of noninfringement of U.S. Patent No. 6,449,927 ("'927 patent"). The '927 patent requires a single controller to receive a patient's prescription information and control the entire apparatus, including the vibratory dispenser, the container transport assembly, and the vial transport assembly. <u>See</u> '927 patent claim 1. Allowing multiple controllers to perform these functions under the guise of a single control unit or system disregards the claim requirement that a single "controller" be used. Because the accused devices do not have a single controller that performs the required functions, and AutoMed Technologies, Inc. did not pursue a doctrine of equivalents argument before the trial court, Microfil, LLC does not infringe the '927 patent.